IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RYAN THOMPSON,

    Plaintiff,

vs.                                                       No. CV 17-00757 RB/SMV

NEW MEXICO CORRECTIONS DEPARTMENT; and
RICARDO MARTINEZ, WARDEN,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING FEDERAL CLAIMS AND REMANDING CASE

**THIS MATTER** is before the Court under 28 U.S.C. §§ 1915A and 1915(e)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the Civil Complaint (Tort) filed by Plaintiff Ryan Thompson in New Mexico state court on June 12, 2017, and removed to this Court by Defendant Ricardo Martinez, on July 21, 2017. (Docs. 1; 1-1.) Also before the Court is Defendant Martinez's Motion to Dismiss (Doc. 6), and Plaintiff's Motion to Amend Plaintiff [sic] Civil Complaint and Plaintiff's Request for Removal (Doc. 9). The Court will grant the Motion to Dismiss, in part, and dismiss all federal claims. The Court declines to exercise supplemental jurisdiction and remands any state law claims to New Mexico state court.

Plaintiff is an inmate incarcerated at the Otero County Prison Facility ("OCPF") in Chaparral, New Mexico. (Doc. 1-1 at 1–2.) Plaintiff filed his Civil Complaint (Tort) in the State of New Mexico, County of Santa Fe, First Judicial District Court on June 12, 2017 ("Complaint"). (*Id.*) In his Complaint, Plaintiff states that "[t]his is a tort authorized by the New Mexico Tort Claims Act" and asserts jurisdiction under the New Mexico Tort Claims Act, Chapter 41 N.M.S.A. (*Id.* at 2.) Although he labels his claims as Eighth Amendment claims, he

1

alleges that, by failing "to comply with appropriate medical protocol," the prison facility has not provided him with adequate medical care. (*Id.* at 4.) Thompson names the New Mexico Corrections Department and OCPF Warden, Ricardo Martinez, as Defendants. (*Id.* at 1–2.)

Defendant Martinez removed the case to this Court on July 21, 2017, asserting federal question jurisdiction based on Thompson's allegations of violation of his Eighth Amendment rights. (*Id.* at 2). Martinez filed his Answer to the Complaint on July 25, 2017. (Doc. 2.) Martinez then filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on September 8, 2017. (Doc. 6.) Martinez seeks dismissal on the grounds that the Complaint fails to state an Eighth Amendment claim for cruel and unusual punishment. (*Id.* at 1.)

Plaintiff filed his Response to the Motion to Dismiss on October 25, 2017. (Doc. 8.) In his Response, Plaintiff states that "this is a case of simple negligence" and asks that the case be sent back to the First Judicial District Court. (Doc. 8.) Defendant Martinez replies that the Complaint raises only federal Eighth Amendment claims and the Court should dismiss the case, in its entirety, and not remand any claims back to state court. (Doc. 10.)

Plaintiff also filed a Motion to Amend Plaintiff [sic] Civil Complaint and Plaintiff's Request for Removal. (Doc. 9.) In his Motion, Plaintiff again asserts that the case is one of "simple negligence" and asks for remand of the case to the First Judicial District Court. (*Id.*) Defendant Martinez opposes Plaintiff's request to amend and remand. (Doc. 12.)

## DISMISSAL FOR FAILURE TO STATE A CLAIM

Plaintiff is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint for failure to state a claim upon which relief may be granted under either Rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed

where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 555; *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's

3

pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

### ANALYSIS OF PLAINTIFF'S CLAIMS

In his Complaint, Thompson alleges claims for violation of his constitutional rights under the Eighth Amendment. He claims his right to be free from cruel and unusual punishment has been violated by alleged indifference to his serious medical needs. (Doc. 1-1 at 2–5). Thompson's Complaint does not expressly allege causes of action under 42 U.S.C. § 1983. However, 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under both the Constitution and § 1981. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006) (claims against state actors for violation of § 1981 must be brought under 42 U.S.C. § 1983). Therefore, the Court construes Thompson's claims for violation of rights under the Eighth Amendment as civil rights claims brought under 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is

not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs, or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury may state a cause of action under § 1983. *Estelle,* 429 U.S. at 104–05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference

involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006); *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks and citation omitted). With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (quoting *Mata*, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm

ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, 429 U.S. at 105–06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. *See*, *e. g.*, *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self*, 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir. 2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

The Complaint fails to state any federal claim for relief against either the New Mexico Corrections Department or Warden Martinez. First, the New Mexico Corrections Department is a state agency. As such, the claims against it are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. The federal claims against the New Mexico Corrections Department will be dismissed. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 63–64 (1989).

Second, the Complaint does not allege a factually plausible § 1983 claim against Defendant Martinez. The Complaint does not allege any individualized conduct by Defendant Martinez in violation of Plaintiff's Eighth Amendment rights. *Fogarty*, 523 F.3d at 1162. The alleged facts in this case do not show that Defendant Martinez knew of any serious medical need and deliberately chose to disregard it, nor do they demonstrate any culpable state of mind on the part of Martinez. *Martinez*, 563 F.3d at 1089. The Complaint fails to state any Eighth Amendment deliberate indifference claim against Defendant Martinez.

Last, the Complaint alleges that Defendant Martinez has failed to ensure that the staff under his supervision is providing Plaintiff with adequate medical care. (Doc. 1-1 at 4). To state a claim for supervisory liability under § 1983, a plaintiff must show an affirmative link between the supervisor and the alleged constitutional violation through (1) personal involvement, (2) sufficient causal connection, and (3) a culpable state of mind. *Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015). The allegations of the Complaint fail to show the requisite affirmative link between Martinez and the alleged Eighth Amendment violation.

Plaintiff concedes that his Complaint does not assert federal Eighth Amendment claims and, instead, raises state law tort claims. (Docs. 8; 9.) The Complaint does not state a plausible § 1983 claim for relief against either Defendant. *Twombly,* 550 U.S. at 570. The Court will grant Defendant Martinez's Motion to Dismiss, to the extent it seeks dismissal of the Eighth Amendment claims in this case, and it will dismiss all federal claims.

## **REMAND OF STATE LAW CLAIMS**

Plaintiff originally filed his Complaint in the First Judicial District Court of the State of New Mexico. He alleges that he is proceeding under the New Mexico Tort Claims Act, N.M. Stat. Ann. 41-4-1–30 (1978). (Doc. 1-1 at 1.) Defendant Martinez claims that the Complaint fails to state any New Mexico tort law claims and should be dismissed in its entirety. Thompson asserts that his claims are in the nature of medical negligence claims under state law and should be remanded to state court. (Docs. 8; 9.)The Court declines to exercise supplemental jurisdiction and will not reach the question of whether the case states a substantive claim for relief under New Mexico state law. Instead, the Court will remand any state law claims to the First Judicial District Court.

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Am. v. Gibbs,* 383 U.S. at 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir. 2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. The Court declines to exercise supplemental jurisdiction over Plaintiff Thompson's remaining state law claims, and will remand this proceeding to state court for adjudication of those state law claims.

**IT IS ORDERED:**

(1) Defendant Ricardo Martinez's Motion to Dismiss (Doc. 6) is **GRANTED** in part and **DENIED** in part;

(2) Plaintiff Ryan Thompson's Motion to Amend Plaintiff Civil Complaint and Plaintiff's Request for Removal (Doc. 9) is **DENIED** as moot in light of the Court's dismissal of all federal claims and remand of any state law claims;

(3) All federal claims in Plaintiff Ryan Thompson's Civil Complaint (Tort) (Doc. 1-1) are **DISMISSED** for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6);

(4) The Court declines to exercise supplemental jurisdiction over any state law claims and this case is **REMANDED** to the State of New Mexico, County of Santa Fe, First Judicial District Court for adjudication of Plaintiff Thompson's state law claims.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE